UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE JONES,

      Petitioner,

      v.

CASE NO. 2:10-CV-10043
JUDGE ANNA DIGGS TAYLOR
MAGISTRATE JUDGE PAUL KOMIVES

GREGORY McQUIGGIN,

      Respondent.
      _____/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #8)**

I.    RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #8). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Maurice Jones is a state prisoner, currently confined at the Chippewa Correctional Facility in Kinecheloe, Michigan. Petitioner is serving a sentence of life imprisonment imposed as a result of his 1980 state court convictions for first degree felony murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree felony murder in the Detroit Recorders' Court (now Wayne County Circuit Court) following a jury trial. On February 22, 1980, he was sentenced to a mandatory term of life imprisonment without possibility of parole.

- Petitioner, through counsel, appealed as of right to the Michigan Court of Appeals, raising claims of prosecutorial misconduct, improper jury instructions, improper

admission of confession, delay in arraignment, and missing res gestae witnesses. On August 24, 1981, the court of appeals affirmed petitioner's conviction and sentence. *See People v. Jones*, No. 51080 (Mich. Ct. App. Aug. 24, 1981).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On June 25, 1985, the Supreme Court remanded the matter to the court of appeals for reconsideration in light of *People v. Mallory*, 421 Mich. 229, 365 N.W.2d 673 (1985). *See People v. Jones*, 422 Mich. 931, 369 N.W.2d 202 (1985).

- On December 13, 1985, the court of appeals affirmed its original decision, denying relief on petitioner's claims. *See People v. Jones*, No. 85837 (Mich. Ct. App. Dec. 13, 1985). Petitioner did not file a further appeal in the Michigan Supreme Court.

- On June 5, 1998, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509, raising a claim challenging his sentence. The trial court denied the motion on April 22, 1999.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application in a standard order on application on June 8, 2000. *See People v. Jones*, No. 222024 (Mich. Ct. App. June 8, 2000).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application for leave to appeal in a standard order on November 29, 2000. *See People v. Jones*, 463 Mich. 924, 619 N.W.2d 546 (2000).

- In April 2008, petitioner filed a state application for the writ of habeas corpus in the Baraga County Circuit Court, raising the "reverse writ" claim that forms the basis of his current habeas application. The trial court denied the writ on March 11, 2009.

- Petitioner filed a subsequent application for the writ in the Michigan Court of Appeals. The court of appeals denied the writ on June 12, 2009. *See People v. Jones*, No. 291317 (Mich. Ct. App. June 12, 2009.

- Petitioner attempted to file an appeal of this decision in the Michigan Supreme Court. His application was rejected as untimely on August 12, 2009.

On January 4, 2010, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner claims that he was originally detained prior to

---

[1]Although petitioner's application is file-stamped January 5, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988).

2

trial pursuant to an illegal "reverse writ," which caused the trial court to lack jurisdiction over him and violated his Fourth, Fifth, and Sixth Amendment rights. Respondent filed a motion for summary judgment on July 1, 2010, arguing that petitioner's habeas application is untimely. Petitioner filed a reply in support of his habeas petition on July 22, 2010. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.    *Analysis*

    1.    *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

Petitioner's application is signed and dated January 4, 2010. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on January 4, 2010.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and petitioner does not contends that any of these provisions is applicable here. Thus the commencement date established by subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

Here, petitioner's direct appeal concluded with the Michigan Court of Appeals's second opinion in his case on December 13, 1985. The conviction became final in early 1986, when his time for seeking leave to appeal in the Michigan Supreme Court expired. Because petitioner's conviction became final prior to the adoption of the AEDPA, he had one year from the AEDPA's enactment in which to file a habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999); *Abreu v. Hoffman*, 82 F. Supp. 2d 749, 752 & n.2 (N.D. Ohio 2000); *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998) (Duggan, J.). Thus, the limitations began to run on April 24, 1996 and expired one year later, on April 24, 1997, absent any tolling. Because petitioner did not file his petition until January 4, 2010, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's motion for relief from judgment was filed in the trial court on June 5, 1998. By this time, however, the limitations period had been expired by 11 days. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Because petitioner's postconviction motion was filed after the limitations period had expired, there was no time remaining on the limitations period to toll, and thus petitioner's application is untimely.

2. *Petitioner's Arguments*

Petitioner does not quarrel with the foregoing calculation. Petitioner also does not contend that he is entitled to equitable tolling, nor could he. To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2)

5

that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. Nor could he show diligence. Petitioner waited over 12 years between the conclusion of his direct review and the filing of his state court motion for relief from judgment. He then waited for another 7½ years between the conclusion of that proceeding and the filing of his state court habeas corpus petition. Petitioner offers no explanation for these long delays in pursuing his post-conviction remedies. In these circumstances, petitioner was not diligent in pursuing his rights. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004).

Nor can petitioner show that he is entitled to a delayed starting period under § 2244(d)(1)(B)-(D). He does not allege that the state created any unconstitutional burden on his ability to file his habeas petition, nor is his claim based on any newly discovered facts or a new rule of constitutional law. Rather his claim is based on a state court rule established in *People v. Mallory*, decided during the pendency of petitioner's direct appeal and considered by the court of appeals on remand from the Michigan Supreme Court.

Petitioner argues that he filed his habeas application within one year of the state courts denying his state court habeas corpus petition, but as explained above the tolling provision set forth in § 2244(d)(2) does not restart the limitations period, and the starting of the limitations clock is based not on when he exhausts his claims, but on when his conviction became final. Petitioner also suggests that his constitutional claim is meritorious and goes to the trial court's jurisdiction, but neither of these arguments provides a basis for overcoming the limitations bar. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently

pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

Although he does not explicitly so argue, petitioner also suggests that the limitations period is inapplicable because his claim challenges the jurisdiction of the trial court. To the extent that petitioner is making such an argument, the claim is without merit. While it is true that, as a general matter, "[a] jurisdictional defect cannot be waived or procedurally defaulted–rather a jurisdictional defect requires reversal," *Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) (citing *United States v. Griffin*, 303 U.S. 226, 229 (1938), there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d). On the contrary, the courts that have considered the issue uniformly have held that a "jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to [a federal] court within the time limit set forth in § 2244(d)(1)." *Neal v. Kingston*, No. 05-C-443, 2007 WL 1655159, at *3 (E.D. Wis. June 5, 2007); *see also*, *Dewitt v. Warden, Lieber Correctional Inst.*, No. 9:06-1221, 2006 WL 3404753, at *4 (D.S.C. Nov. 21, 2006); *Mays v. McDonnell*, No. 2:04-cv-968, 2006 WL 2927474, at *4 (M.D. Ala. Oct. 12, 2006); *cf. Hardridge v. Dinwiddie*, No. 03-CV-395, 2006 WL 3311515, at *3 (N.D. Okla. Nov. 13, 2006).

Second, even assuming such an exception existed, it would not be applicable to petitioner's claim, because his claim does not implicate the trial court's jurisdiction. Petitioner contends that his initial detention by the police was pursuant to a so-called "reverse writ." As the Michigan Supreme

7

Court explained in *People v. Casey*, 411 Mich. 179, 305 N.W.2d 247 (1981) (per curiam), this was a procedure involving "a brief hearing at which the police or prosecutor seek judicial approval for the continued detention of a citizen when, for want of probable cause, no warrant has been issued." *Id*. at 180, 305 N.W.2d at 248. The *Casey* court held that "reverse writ proceedings are without legal effect and may not be employed to justify the detention of a citizen." *Id*. Contrary to petitioner's claim, however, nothing in *Casey* suggests that an initial detention pursuant to the reverse writ procedure deprives the trial court of jurisdiction, or necessarily invalidates a subsequent conviction. On the contrary, in *Mallory*, the court explained that *Casey* held the reverse writ to be "without legal effect" and a "nullity having no constitutional or statutory significance." *Mallory*, 421 Mich. at 238, 365 N.W.2d at 677 (internal quotations omitted). Because the reverse writ procedure is simply a legal nullity, a legal arrest and detention based on probable cause is not rendered invalid merely because the reverse writ procedure was employed. *See People v. Cipriano*, 431 Mich. 315, 338, 429 N.W.2d 781, 791-92 (1988). Further, it is an "established rule that illegal arrest or detention does not void a subsequent conviction." *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (citing *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886)). Thus, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein*, 420 U.S. at 119. Petitioner's claim therefore does not necessarily call into question the validity of his conviction, much less call into question the jurisdiction of the trial court. Accordingly, even if jurisdictional claims are not subject to the habeas statute of limitations, petitioner's habeas application does not raise such a claim.

In view of the foregoing, the Court should conclude that petitioner's application is untimely, and that he is not entitled to equitable tolling or a delayed starting of the limitations period.

C.  *Recommendation Regarding Certificate of Appealability*

   1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.  *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, petitioner's habeas application is untimely by a number of years, and petitioner has provided no basis for concluding that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B)-(D) or that he is

10

entitled to equitable tolling. Neither the importance nor merit of petitioner's claim provides a basis for overcoming the limitations bar. Thus, the resolution of the limitations issue is not reasonably debatable, and the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny the certificate of appealability..

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<table>
<tr><td>Dated: 11/16/10</td><td>s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE</td></tr>
</table>

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 16, 2010.
>
> s/Eddrey Butts
> Case Manager